T.C. Memo. 1998-56

UNITED STATES TAX COURT

JANET PHILLIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22866-96.                    Filed February 10, 1998.

<u>Francis J. Sullivan</u>, for petitioner.

<u>Carol E. Moran</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  Respondent determined the following
deficiencies, additions to tax, and accuracy-related penalties
relating to petitioner's Federal income taxes:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|--------------------------------|----------------------|
| 1992 | $8,866 | $2,217 | $1,773 |

| 1993 | 17,755 | 4,439 | 3,551 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by petitioner, the issues for decision are as follows:

1. Whether petitioner is entitled to a deduction for business expenses. We hold that she is not.

2. Whether petitioner is liable for additions to tax for failing to file her tax returns in a timely manner. We hold that she is.

3. Whether petitioner is liable for accuracy-related penalties for negligence. We hold that she is.

## Background

The facts have been fully stipulated under Rule 122 and are so found. Petitioner resided in Bensalem, Pennsylvania, at the time she filed her petition.

Petitioner's husband, Glenn W. Phillips, was the sole shareholder of N.H.R. Corp. (NHR). Petitioner, who had no affiliation with NHR, owned a disability insurance policy which in 1992 and 1993 paid her $60,000 and $90,000, respectively, allegedly to cover the cost of NHR's overhead expenses.

On October 14, 1994, petitioner filed Federal income tax returns for 1992 and 1993. On the returns, petitioner selected married filing separate status and did not report the benefits

received under the policy. On May 18, 1995, petitioner filed amended Federal income tax returns on which she reported income of $60,000 and $90,000, respectively, for 1992 and 1993. On her 1993 amended return, petitioner deducted $150,000 in business expenses. This resulted in a $60,000 net operating loss which petitioner then carried back and applied against her 1992 gross income. On July 31, 1996, respondent issued a notice of deficiency to petitioner. Respondent determined that petitioner was not entitled to deduct the claimed business expenses and was liable for deficiencies in her Federal income tax, additions to tax, and accuracy-related penalties.

## Discussion

Petitioner contends that she should be allowed to offset the income she received from the insurance proceeds by deducting NHR's business expenses. Respondent contends that petitioner has failed to establish that she is entitled to such a deduction. We agree with respondent.

Petitioner did not present any evidence to establish that she paid NHR's expenses. Moreover, even if she had presented such evidence, petitioner has failed to cite, and we have not found, any authority that would permit her to deduct NHR's expenses on her personal return. See Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934) (stating that "a taxpayer seeking a deduction must be able to point to an

applicable statute and show that he comes within its terms"); cf. sec. 1.162-1(a), Income Tax Regs. (stating that to be deductible, business expenses must be "directly connected with or pertaining to the taxpayer's trade or business" (emphasis added)). Accordingly, we hold that petitioner is not entitled to a deduction for NHR's business expenses.

Respondent determined that petitioner was liable for additions to tax for failure to file her Federal income tax returns in a timely manner as well as accuracy-related penalties for negligence.

Section 6651(a) imposes an addition to tax for failure to file a tax return in a timely manner. Petitioner's 1992 and 1993 tax returns were due on April 15, 1993 and 1994, respectively. Petitioner did not file those returns, however, until October 14, 1994. Petitioner has failed to establish that her tardiness was due to reasonable cause and not due to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241 (1985); Welch v. Helvering, 290 U.S. 111, 115 (1933). Accordingly, petitioner is liable for the section 6651(a) additions to tax.

Section 6662 imposes an accuracy-related penalty on the portion of an underpayment that is attributable to negligence or disregard of rules or regulations. Negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v.

Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v
Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part
and remanding in part 43 T.C. 168 (1964)).  Petitioner has failed
to establish that she exercised due care in reporting her income
and expenses, Bixby v. Commissioner, 58 T.C. 757, 791 (1972), or
that she acted with reasonable cause and in good faith, sec.
6664(c).  Accordingly, petitioner is liable for the section 6662
accuracy-related penalties.

All other arguments raised by the parties are either
irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.